# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 07-2314/2863
_____

| | | |
|---|---|---|
| Aurora National Life Assurance Company, | * * * | |
| Plaintiff, | * * | |
| v. | * * | |
| Gary Ewing; FL Assignments Corporation; Singer Asset Finance Company; Patreka Harrison, formerly known as Patreka Lunsford, formerly known as Patreka Ewing, | * * * * * * | |
| Defendants. | * | Appeals from the United States |
| _____ | * * | District Court for the Southern District of Iowa. |
| Patreka Harrison, formerly known as Patreka Lunsford, formerly known as Patreka Ewing, | * * * * | [PUBLISHED] |
| Cross Claimant – Appellant/Cross-Appellee, | * * * | |
| v. | * * | |
| Singer Asset Finance Company, | * * | |
| Counter Claimant – Appellee/Cross-Appellant. | * * | |

_____

Submitted: June 12, 2008
Filed: June 18, 2008
_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Patreka Harrison appeals the district court's[1] decision concluding the structured settlement documents which resolved her personal injury action did not prohibit her from assigning her right to receive future annuity payments to Singer Asset Finance Company (Singer) in exchange for immediate cash payments. See Aurora Nat'l Life Assurance Co. v. Harrison, 462 F. Supp. 2d 951, 969-70 (S.D. Iowa 2006). Harrison also appeals the district court's determination that the purchase agreements between herself and Singer do not violate Iowa public policy.

In a cross appeal, Singer challenges the amount of attorney fees the district court awarded to it pursuant to its contractual right to recover fees from Harrison. Singer also challenges the limits the district court placed upon the amount of interest it could recover from Harrison. Finally, Singer claims the district court failed to give clear directions to the clerk of district court regarding the amount of money it is entitled to receive from a deposit of funds placed in the district court by Harrison's annuity company, Aurora National Life Assurance Company.

We have carefully reviewed the record and considered the parties' briefs. Reviewing the issues raised in Harrison's appeal de novo, see Fitzgerald v. Action, Inc., 521 F.3d 867, 871 (8th Cir. 2008) (setting forth the standard of review for a grant

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

of summary judgment), and the issues raised in Singer's cross appeal for an abuse of discretion, see Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000) (setting forth the standard of review for an award of attorney fees pursuant to a contractual provision allowing the recovery of "reasonable" fees) and Wingert & Associates, Inc. v. Paramount Apparel Int'l, Inc., 458 F.3d 740, 743 (8th Cir. 2006) (setting forth the standard of review for issues raised on appeal from the denial of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure), we find no error in the district court's disposition of Harrison's claims and no abuse of discretion in the district court's disposition of Singer's claims. We therefore affirm for the reasons stated by the district court in its thorough and well-reasoned orders. See 8th Cir. Rule 47(b).

_____